UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MAYSIE CATRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-25 |
| | ) | (PHILLIPS/GUYTON) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b), Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 12], and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Maysie Catron seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant met the disability insured status requirements of the Act on February 1, 2001 (amended alleged onset date), the date the claimant stated she became unable to work, and continued to meet them through December 31, 2003, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 2001.
>
> 3. The medical evidence establishes that the claimant had "severe" lumbar spine impairment

> from February 27, 2003, through December 31, 2003, but that she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 4. The claimant's testimony regarding the extent of her impairments, limitations, and pain of such severity to preclude her from engaging in the full range of medium work from February 27, 2003 though December 31, 2003, is not credible and is not supported by the totality of the evidence.
>
> 5. The issue of the claimant's disability on and prior to February 27, 2003 is <u>res judicata</u>.
>
> 6. From February 27, 2003 through December 31, 2003, the claimant retained the residual functional capacity to perform the full range of medium work.
>
> 7. The claimant's past relevant work as a sewing machine operator did not require the performance of work-related activities precluded by the above limitation(s) (20 C.F.R. § 404.1565).
>
> 8. The claimant's impairment did not prevent the claimant from performing her past relevant work from February 27, 2003 through December 31, 2003.
>
> 9. The claimant was not under a disability as defined in the Social Security Act, at any time from February 27, 2003 through December 31, 2003 (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 21-22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See <u>Siterlet v. Secretary of Health and Human Services</u>, 823 F.2d 918, 920 (6th Cir. 1987); <u>Landsaw v. Secretary of Health</u>

& Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed); Siterlet, 823 F.2d at 920. Moreover, the Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

On appeal, plaintiff contends: (1) that the ALJ erred in finding that her claim for disability on and prior to February 27, 2003 is res judicata; (2) that the ALJ's residual functional capacity ("RFC") determination that the claimant retained the RFC for the full range of medium work is not supported by substantial evidence; and (3) that the ALJ's determination that the plaintiff can return to her past relevant work as a sewing machine operator is not supported by substantial evidence.

As to the first issue raised by the plaintiff, the Commissioner contends that the prior finding, issued on February 27, 2003, that the plaintiff was not disabled, is res judicata as to her non-disability status through February 27, 2003. The Commissioner argues that the plaintiff did not request an administrative hearing after being denied DIB on reconsideration, and therefore, she lost

3

any right to further administrative or judicial review of her non-disability status through February 27, 2003.

The Court is persuaded that the Commissioner's position on this issue is correct. Plaintiff did not request an administrative hearing after the reconsideration denial of her September 2002 DIB application. Therefore, unless she showed good cause for her failure to make a timely request, the reconsideration denial was final under the Commissioner's regulations. See 20 C.F.R. §§ 404.988, 404.989 (conditions for reopening and good cause for reopening). Plaintiff did not assert any good cause for her failure to timely file a request for an administrative hearing with regard to her September 2002 DIB application.

In addition, it appears that the Court has no jurisdiction to review the ALJ's application of res judicata. See Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 687 (6th Cir. 1992) (quoting Wilson v. Califano, 580 F.2d 208, 210-11 (6th Cir. 1978)); Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir. 1981) ("absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata"). The ALJ's refusal to reopen the plaintiff's prior determination is not a "final decision" which is subject to judicial review pursuant to 42 U.S.C. § 405(g). Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (no jurisdiction to review refusal to reopen absent a constitutional claim); Harper v. Sec'y of Health & Human Servs., 978 F.2d 260, 262 (6th Cir. 1992) ("A refusal to reopen a prior application is not a final decision and may not be reviewed by the courts."). The Commissioner is correct that the plaintiff has not raised a colorable constitutional claim. Therefore, the Court must find that the

ALJ's application of res judicata and his refusal to reopen the prior determination is not subject to review by this Court.

As to the second and third issues raised by the plaintiff, the Commissioner argues that substantial evidence supports the ALJ's conclusion that plaintiff was not disabled during the relevant period of February 28 - December 31, 2003, because plaintiff could perform her past relevant work as a sewing machine operator. The Commissioner notes, correctly, that the plaintiff does not cite any medical or testimonial evidence in her critique of the ALJ's decision, arguing only that the ALJ's decision was not adequately articulated with regard to his findings.

The Court finds that the ALJ did discuss the medical evidence generated during and immediately before and after the relevant period, as well as Plaintiff's testimony. The ALJ also discussed the plaintiff's claims that she had disabling limitations caused by impairments of her lumbar spine, neck, arthritis, hands, fibromyalgia, CTS, knees, kidney stones, and depression (Tr. 19-21). His findings in that regard appear to be well-supported by the medical evidence. The ALJ also addressed Plaintiff's credibility. The ALJ specifically found that the Plaintiff's complaints were not credible, relying primarily on Dr. Wayne Page's opinion that Plaintiff's subjective complaints had no credibility (Tr. 21).

Plaintiff bore the burden of proving the extent of her limitations. See Jones v. Commissioner of Social Security, 336 F.3d 469, 474 (6th Cir. 2003) ("Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work. . . ."). The ALJ weighed the evidence, and concluded that the medical evidence did not show that she was

5

limited beyond a restriction to medium work. Dr. Denise Bell, the State Agency reviewing physician, opined that Plaintiff could do medium work with no manipulative or postural limitations (Tr. 219-24). Dr. Wayne Page's Medical Assessment To Do Work-Related Activities stated:

> Frequently or occasionally lift and carry 25 pounds. Stand and walk seven to eight hours a day in an eight-hour day with the usual breaks. No impairments related to hearing, speaking, vision and traveling."

(Tr. 218).

Plaintiff cites no evidence to the contrary.

The Commissioner concedes that the ALJ's decision does not contain a lengthy analysis of the Plaintiff's past relevant work. The Commissioner, however, argues that such brevity was not unreasonable given the lack of any suggestion in the record that a sewing machine operator requires the ability to perform more than medium exertion. The record, specifically, the information provided by the plaintiff about the physical requirements of her past work as a sewing machine operator, in fact, does establish that the plaintiff's job required lifting bundles of shirts, etc., up to 20 pounds, which is within the regulatory definition of medium work (Tr. 61-63). See 20 C.F.R. § 404.15676(c). The Court finds that there is no reason to disturb the ALJ's finding that plaintiff could perform the requirements of her past relevant work.

Therefore, it is **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).